

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
ATTORNEY GENERAL

March 26, 1957

Hon. John Osorio, Chairman
Board of Insurance Commissioners
International Life Building
Austin, Texas

Opinion No. WW-72

Re: Whether Article 14.61 of
the Texas Insurance Code
authorizes a mutual assess-
ment association to "rein-
sure" one or more of its
groups, and at the same
time continue its corporate
existence by the retention
of another group, club or
class which is not made
subject to the reinsurance
agreement.

Dear Sir:

You have asked our opinion as to whether a mutual assess-
ment association is authorized by Article 14.61, Texas Insurance Code, to
"reinsure" one of its groups, clubs, or classes, and at the same time con-
tinue its corporate existence as a mutual assessment association by the re-
tention of another group, club, or class, which is not made subject to the
"reinsurance" agreement.

A mutual assessment association is an association of indi-
viduals or groups of individuals in the business of mutually protecting or
insuring their lives by assessments made upon such members. No state-
wide mutual assessment association has been created since 1933 as the
Legislature saw fit at that time to prohibit the further formation of such
companies. Acts 1933, 43rd Leg., Ch. 245. The Legislature provided
that upon meeting certain requirements and qualifications, associations
doing business at that time could continue operations in accordance with
the statutes enacted. Fifty-two of the associations complied with the re-
quirements and are doing business today. In many instances the associa-
tion is made up of particular groups, classes, or clubs of individuals,
rather than individual memberships only.

Article 14.61 is attached hereto in appendix form and we
have quoted extensively from it for we feel that a complete reading of the
statute is necessary to reach its proper construction.

The words "reinsurance" and "reinsured," as used in Ar-
ticle 14.61, refer to a transaction in which the assuming company issues
its policies or certificates in lieu of the policies originally issued by the
ceding association, and upon the completion of the transaction, the ceding
association is released from all liability to the policyholders. It is not a
true reinsurance arrangement, but is one in which there is an actual trans-
fer or conveyance of the business to a second company which issues its

policies or certificates to the policyholders. Article 14.62 authorizes mutual assessment associations to enter into true reinsurance agreements whereby the association merely insures or indemnifies itself against the possibility of excess claims. Reinsurance transactions authorized by Article 14.62 are not under consideration here.

It will be noted that Article 14.61 covers conversion or reinsurance by the assessment company into a legal reserve insurance company operating under the provisions of Chapter 11 of the Code, and also covers reinsurance into a legal reserve insurance company operating under the provisions of Chapter 3 of the Code. Article 14.63 of the Code authorizes conversion of mutual assessment companies into legal reserve companies operating under Chapter 3. Therefore, the following discussion applies to all conversion or reinsurance by the assessment companies into either legal reserve mutual companies under Chapter 11, or legal reserve stock companies under Chapter 3.

A cardinal rule of statutory construction requires that all the language and every part of a statute shall be given effect if reasonably possible, that the statute be construed as a whole, and that all of its parts be harmonized so as to give effect to the entire act according to the evident intention of the Legislature. 39 Tex.Jur., Sections 112, 113. Each part of the statute is to be considered in connection with every other part, and with the entire enactment, in order to produce a harmonious whole and to reach the true legislative intent.

Section 1(a) of Article 14.61 provides that "any domestic local mutual aid association; statewide life, or life, health and accident association; mutual assessment life, health and accident association; burial association; or any other similar concern, by whatsoever name or class designated, whether specifically named herein or not, . . ." may convert or "reinsure" itself into a Chapter 11 company, or be "reinsured" by a Chapter 3 company. When Article 14.61 is viewed in its entirety and as a whole, it is clear that the phrase "or any other similar concern, by whatsoever name or class designated" does not contemplate or authorize that a mutual assessment company may "reinsure" one or more of its groups, clubs, or classes, yet retain another group, club or class which is not affected by the "reinsurance" agreement. This same language is used in Article 14.01 of the Code, which article identifies the types of associations to which Chapter 14 shall apply. The words, "whatsoever name or class designated," are used so as to include within the statute all similar mutual assessment associations not specifically named therein, but do not refer to the individual member groups or clubs of each such association.

When read in its entirety and viewed as a whole, Article 14.61 authorizes only the entire association to convert or reinsure itself. The statute provides that "any association . . . may convert or reinsure itself into . . . or be reinsured by . . ." a legal reserve company. The statute establishes a method whereby the entire association approves the procedure of conversion or reinsurance. It further provides that upon complying with

the statutory procedure the "reorganized and converted or reinsured corporation shall be deemed in law to have the rights, privileges, powers and authority of any other corporation . . . " and "It shall be deemed in law to be a continuation of the business of the former association and shall succeed to and become invested with all and singular the rights and privileges . . . and all property . . . of the former association . . . and of other things and choses in action theretofore belonging to such association, and all property, rights, privileges, franchises, and all other interests shall thereafter be as effectually the property of such organized and converted corporation as if they were the property of the former association. . . . "

Section 2 of Article 14.61 provides that "The sums of any mortuary funds belonging to such association shall thereafter be the property of such organized and converted corporation or corporation reinsuring the membership of such association. . . . "

There is no indication from the statute that the association is authorized to "reinsure" or convert one or more of its groups, clubs or classes into a legal reserve company, yet continue in operation as a mutual assessment association by retaining a different group, club or class. The language of the statute clearly refers to the entire association and provides a procedure which it is to follow as a unit in converting or reinsuring itself. There is no language in Article 14.61 which would indicate that the association may convert or "reinsure" one of its lesser parts such as a club, group, or class.

You have informed us that for a number of years it has been the departmental construction of the Board of Insurance Commissioners that Article 14.61 authorized a mutual assessment association to transfer one of its groups, clubs, or classes to a legal reserve company, and retain another group, club or class so as to maintain its existence as a mutual assessment association. While departmental construction is many times relied upon in determining the meaning of a statute, such construction will not be followed or recognized where the particular statute involved is not ambiguous or uncertain, nor will departmental construction be followed or recognized where it is clearly erroneous or unsound, even though it has been followed for many years. McCallum v. Associated Retail Credit Men, 41 S.W.2d 45; Jones v. Marrs, 114 Tex. 62, 263 S.W. 570; 39 Tex.Jur. 236.

Article 14.61 is not ambiguous or uncertain, but it authorizes in clear language an entire mutual assessment association to convert or "reinsure" itself into a legal reserve insurance company, and does not contain any language which would authorize a mutual assessment association to convert or "reinsure" one of its member groups, clubs, or classes into a legal reserve insurance company.

### SUMMARY

Article 14.61 of the Texas Insurance Code authorizes an entire mutual assessment association to convert or "reinsure" itself into a legal reserve insurance company, but does not authorize such association to "reinsure" or convert one of its member clubs, groups or classes into a legal reserve insurance company without reinsuring or converting the entire association.

Very truly yours,

WILL WILSON
Attorney General

By *Will D. Davis*

     Will D. Davis
     Assistant

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman